7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy D. TURNER, Defendant-Appellant.
 No. 92-5947.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1993.
 
 Before KEITH and KENNEDY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Troy D. Turner ("Turner"), appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, we AFFIRM the judgment of the district court.
 
 I.
 
 2
 The relevant facts of this case are not in dispute. On December 30, 1991, Turner purchased a .12 gauge Winchester shotgun at a Wal-Mart store in Sevierville, Tennessee. The record indicates that Turner knowingly made false statements to the firearms dealer regarding his right to lawfully purchase and possess a shotgun. The record also reflects that the shotgun was an operable firearm manufactured outside of Tennessee and transported to the state in interstate commerce.
 
 
 3
 Based on the above facts, Turner was indicted on March 17, 1992, by a federal grand jury sitting in the Eastern District of Tennessee on two counts relating to his purchase and possession of the shotgun. Count One charged Turner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count Two charged Turner with knowingly making false statements to a federally licensed firearm dealer regarding the purchase of the above mentioned firearm, in violation of 18 U.S.C. § 924(e).
 
 
 4
 On April 28, 1992, the government gave notification that it intended to seek an enhancement of Turner's sentence pursuant to the Armed Career Criminal Act of 18 U.S.C. § 924(e) ("the ACCA"), if Turner was convicted under 18 U.S.C. § 922(g)(1). Turner has three prior convictions which the government relied on as a basis for seeking an enhancement of his sentence under the ACCA. These convictions consisted of two separate convictions for first degree burglary and one conviction for third degree burglary. Each of these convictions was entered in Tennessee and is documented in the record.
 
 
 5
 On June 5, 1992, Turner pled guilty to violating 18 U.S.C. § 922(g)(1), pursuant to a plea agreement with the government, whereby the government agreed to dismiss the charge of violating 18 U.S.C. § 924(e).
 
 
 6
 At sentencing, Turner objected to the Presentence Report filed by the United States Probation Office, which calculated his sentence pursuant to the ACCA. Specifically, he argued that his prior conviction for third degree burglary should not have been counted as a violent felony conviction for purposes of the ACCA. The district court rejected Turner's argument and sentenced him to 180 months imprisonment to be followed by five years of supervised release. This timely appeal followed and is limited to the question of whether the district court erred in sentencing Turner pursuant to the ACCA. We address this issue below.
 
 II.
 
 7
 Turner argues that the district court's enhancement of his sentence pursuant to the ACCA violated his right to due process under the Fifth Amendment to the United States Constitution. He claims the district court erred in counting his third degree burglary conviction as a predicate violent felony under the ACCA. Turner makes two arguments in support of this proposition.
 
 
 8
 First, he contends the district court unfairly enhanced his sentence under the ACCA rather than the "Career Offender" provision of the United States Sentencing Guidelines at § 4B1.1. Second, Turner asserts that a third degree burglary conviction does not necessarily involve a serious risk of harm or violence and thus should not always be considered a violent felony under the ACCA. We reject both of these arguments.
 
 
 9
 Turner's first argument fails because he presents no legal precedent that the district court's enhancement of his sentence under the ACCA violates his constitutional right to due process. We note that the United States Supreme Court as well as this Circuit have previously construed the ACCA as a legitimate exercise of congressional authority. See Taylor v. United States, 495 U.S. 575 (1990).
 
 
 10
 Turner's second argument is directly controlled by Taylor v. United States, where the Supreme Court specifically stated what constitutes a burglary within the meaning of 18 U.S.C. § 924(e):
 
 
 11
 We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.
 
 
 12
 495 U.S. at 599. In United States v. Anderson, 923 F.2d 450, 454 (6th Cir.), cert. denied, 111 S.Ct. 1653 (1991), this Court specifically held that the crime of burglary as defined in Tennessee satisfies the test articulated in Taylor for determining when a burglary can be used for enhancement purposes under the ACCA. Accordingly, we rule that the district court correctly construed Turner's third degree burglary conviction as a predicate violent felony conviction for purposes of enhancement under the ACCA.
 
 III.
 
 13
 For the reasons stated above, we AFFIRM the judgment of the Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee.